```
 1  MARTIN D. SINGER (SBN 78166)
    MICHAEL E. WEINSTEN (SBN 155680)
 2  DANIEL R. GUTENPLAN (SBN 260412)
    LAVELY & SINGER
 3  PROFESSIONAL CORPORATION
    2049 Century Park East, Suite 2400
 4  Los Angeles, California 90067-2906
    Telephone: (310) 556-3501
 5  Facsimile: (310) 556-3615
    E-mail:    mdsinger@lavelysinger.com
 6             mweinsten@lavelysinger.com
               dgutenplan@lavelysinger.com
 7
 8  Attorneys for Defendant
    JOHN TRAVOLTA
 9
```

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| FABIAN ZANZI, an individual,<br><br>    Plaintiff,<br><br>    vs.<br><br>JOHN TRAVOLTA, an individual,<br><br>    Defendant. | ) CASE NO. CV 12-5393 SVW-AJW<br>) HON. STEPHEN V. WILSON<br>)<br>)<br>) **DEFENDANT JOHN TRAVOLTA'S**<br>) **ANSWER TO COMPLAINT;**<br>) **DEMAND FOR JURY TRIAL**<br>)<br>) Complaint Filed: June 21, 2012<br>) |

Defendant John Travolta ("Defendant") hereby answers Plaintiff Fabian Zanzi's ("Plaintiff") Complaint as follows:

### RESPONSE TO JURISDICTION AND VENUE

1.  To the extent Paragraph 1 contains Plaintiff's legal conclusions, no response is necessary. However, to the extent that an answer is required, Defendant denies the allegations of Paragraph 1.

2.  To the extent Paragraph 2 contains Plaintiff's legal conclusions, no response is necessary. However, to the extent that an answer is required, Defendant

denies the allegations of Paragraph 2.

## RESPONSE TO ALLEGATIONS
## COMMON TO ALL CAUSES OF ACTION

1. To the extent Paragraph 1 contains Plaintiff's legal conclusions, no response is necessary. However, to the extent that an answer is required, Defendant denies the remaining allegations of Paragraph 1.

2. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 2, and on that basis denies the allegations.

3. Defendant admits that in or about June 2009, he was a passenger on the cruise ship MS Enchantment of the Seas. Defendant lacks knowledge or information sufficient to form beliefs as to the remaining allegations of Paragraph 3, and on that basis denies the allegations.

4. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 4, and on that basis denies the allegations.

5. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 5, and on that basis denies the allegations.

6. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 6, and on that basis denies the allegations.

7. Defendant denies the allegations of Paragraph 7.

8. Defendant denies the allegations of Paragraph 8.

9. Defendant denies the allegations of Paragraph 9.

10. Defendant denies the allegations of Paragraph 10.

11. Defendant denies the allegations of Paragraph 11.

12. Defendant denies the allegations of Paragraph 12.

13. Defendant denies the allegations of Paragraph 13.

14. Defendant denies the allegations of Paragraph 14.

15. Defendant denies the allegations of Paragraph 15.

16. Defendant denies the allegations of Paragraph 16.

17. Defendant denies the allegations of Paragraph 17.

18. Defendant denies the allegations of Paragraph 18.

19. Defendant admits that Plaintiff spoke with Lorena Alvarez and Michael Rasmussen and that Zanzi provided a written statement which contradicts his pleading. Defendant denies the remaining allegations of Paragraph 19.

20. Defendant admits that Zanzi provided a written statement which contradicts his pleading. Defendant denies the remaining allegations of Paragraph 20.

21. Defendant denies the allegations of Paragraph 21.

22. Defendant denies the allegations of Paragraph 22.

23. Defendant denies the allegations of Paragraph 23.

24. Defendant denies the allegations of Paragraph 24.

25. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 25, and on that basis denies the allegations.

## RESPONSE TO FIRST CAUSE OF ACTION
## (ASSAULT AND BATTERY)

26. Defendant restates, re-alleges and incorporates herein by reference its responses contained in the preceding paragraphs as if fully set forth herein.

27. Defendant denies the allegations of Paragraph 27.

28. Defendant denies the allegations of Paragraph 28.

29. Defendant denies the allegations of Paragraph 29.

30. Defendant denies the allegations of Paragraph 30.

31. Defendant denies the allegations of Paragraph 31.

| | | |
|---|---|---|
| 1 | 32. | Defendant denies the allegations of Paragraph 32. |
| 2 | 33. | Defendant denies the allegations of Paragraph 33. |
| 3 | 34. | Defendant denies the allegations of Paragraph 34 |
| 4 | 35. | Defendant denies the allegations of Paragraph 35. |
| 5 | 36. | Defendant denies the allegations of Paragraph 36. |

<b>RESPONSE TO SECOND CAUSE OF ACTION</b>

<b>(INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)</b>

37. Defendant restates, re-alleges and incorporates herein by reference its responses contained in the preceding paragraphs as if fully set forth herein.

38. Defendant denies the allegations of Paragraph 38.

39. Defendant denies the allegations of Paragraph 39.

40. Defendant denies the allegations of Paragraph 40.

41. Defendant denies the allegations of Paragraph 41.

42. Defendant denies the allegations of Paragraph 42.

43. Defendant denies the allegations of Paragraph 43.

44. Defendant denies the allegations of Paragraph 44.

<b>RESPONSE TO THIRD CAUSE OF ACTION</b>

<b>(NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS)</b>

45. Defendant restates, re-alleges and incorporates herein by reference its responses contained in the preceding paragraphs as if fully set forth herein.

46. Defendant denies the allegations of Paragraph 46.

47. Defendant denies the allegations of Paragraph 47.

48. Defendant denies the allegations of Paragraph 48.

49. Defendant denies the allegations of Paragraph 49.

50. Defendant denies the allegations of Paragraph 50.

<b>RESPONSE TO RELIEF REQUESTED</b>

51. Defendant denies that Plaintiff is entitled to any of the relief sought in the Complaint.

# AFFIRMATIVE DEFENSES

Without assuming the burden of proof on any matters that would otherwise rest with Plaintiff, and expressly denying any and all wrongdoing, Defendant alleges the following affirmative defenses:

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

1. Plaintiff's Complaint and each purported claim in the Complaint fails to state facts sufficient to constitute a cause or causes of action against Defendant upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE
### (Waiver)

2. Plaintiff's causes of action are barred by the doctrine of waiver.

## THIRD AFFIRMATIVE DEFENSE
### (Estoppel)

3. Plaintiff's causes of action are barred by the doctrine of estoppel.

## FOURTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

4. Plaintiff's Complaint is barred by the doctrine of unclean hands in that Plaintiff's own actions have caused the alleged harm incurred, if any.

## FIFTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

5. If Plaintiff has suffered any injury or harm, which Defendant expressly denies, Defendant alleges that Plaintiff's recovery is barred by his failure to mitigate, reduce or otherwise avoid his damages or injuries.

## SIXTH AFFIRMATIVE DEFENSE
### (No Standing)

6. Plaintiff is not entitled to relief under the statutes and legal theories invoked in the Complaint because Plaintiff lacks standing.

## SEVENTH AFFIRMATIVE DEFENSE
### (No Proximate Cause)

7. Plaintiff's causes of action are barred, in whole or in part, because no act or omission by Defendant, or by any person or entity for which Defendant was responsible, was the proximate cause of any injury or harm alleged by Plaintiff.

## EIGHTH AFFIRMATIVE DEFENSE
### (Unjust Enrichment)

8. Any award to Plaintiff in this action would constitute unjust enrichment.

## NINTH AFFIRMATIVE DEFENSE
### (Statute of Limitations)

9. Plaintiff's causes of action are barred by the applicable statutes of limitations.

## TENTH AFFIRMATIVE DEFENSE
### (Laches)

10. Plaintiff has been guilty of unreasonable and inequitable delay, after having acquired knowledge of the alleged facts upon which he bases his claims for relief, in pursuing said claims, and accordingly, his Complaint is barred by the doctrine of laches.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Express Consent)

11. Plaintiff is barred, in whole or in part, from maintaining his alleged causes of action under the doctrine of express consent.

## TWELFTH AFFIRMATIVE DEFENSE
### (No Punitive Damages)

12. Plaintiff fails to state facts sufficient to support an award of punitive damages against Defendant.

### THIRTEENTH AFFIRMATIVE DEFENSE

### (Lack of Jurisdiction)

13. Plaintiff's causes of action do not arise under general Admiralty Law and, as such, this Court lacks jurisdiction.

### FOURTEENTH AFFIRMATIVE DEFENSE

### (Right to Assert Additional Defenses)

14. Defendant presently has insufficient knowledge or information on which to form beliefs as to whether there are additional, as yet unstated affirmatives defenses. Thus, to the extent the Court may have jurisdiction herein, and subject to discovery in this action, Defendant expressly reserves his right to assert additional affirmative defenses.

WHEREFORE, Defendant prays for relief as follows:

1. That the Complaint be dismissed with prejudice in its entirety;

2. That Plaintiff take nothing by this action and that judgment be entered against Plaintiff in favor of Defendant;

3. That Defendant be awarded all its costs and any recoverable attorney's fees incurred in defending this action; and

4. That Defendant be granted such other and further relief as this Court may deem just and proper.

DATED: August 3, 2012

LAVELY & SINGER
PROFESSIONAL CORPORATION
MARTIN D. SINGER
MICHAEL E. WEINSTEN
DANIEL R. GUTENPLAN


By:  /s/Martin D. Singer
        MARTIN D. SINGER
Attorneys for Defendant
JOHN TRAVOLTA

## DEMAND FOR JURY TRIAL

Defendant John Travolta hereby reserves his right to a trial by jury on all issues so triable.

DATED: August 3, 2012

LAVELY & SINGER
PROFESSIONAL CORPORATION
MARTIN D. SINGER
MICHAEL E. WEINSTEN
DANIEL R. GUTENPLAN


By: /s/Martin D. Singer
    MARTIN D. SINGER
Attorneys for Defendant
JOHN TRAVOLTA