GOLDEN & TIMBOL, P.C.
Sarah J. Golden, SBN 272133
Servando Timbol, SBN 275062
151 Kalmus Dr., Ste#A-204
Costa Mesa, CA 92626
Telephone: (714) 360-0100
Fax: (714) 360-0107
Email: sarah@gtlawoffices.com
Email: servando@gtlawoffices.com
*Attorneys for Plaintiff,*
 *Fabian Zanzi*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRIC OF CALIFORNIA

| | |
|---|---|
| FABIAN ZANZI, an individual;<br><br>        Plaintiff,<br><br>    vs.<br><br>JOHN TRAVOLTA, an individual;<br><br>        Defendants. | Case No.: CV12-5393 SVW (AJWx)<br><br>[Honorable Stephen V. Wilson, Courtroom 6]<br><br>PLAINTIFF FABIAN ZANZI'S OPPOSITION TO DEFENDANT'S MOTION FOR UNDERTAKING; DECLARATION OF FABIAN ZANZI<br><br>Date: January 28, 2013<br>Time: 1:30 p.m.<br>Courtroom: 6 |

GOLDEN & TIMBOL
A PROFESSIONAL CORPORATION

PLAINTIFF FABIAN ZANZI'S OPPOSITION TO DEFENDANT'S MOTION FOR UNDERTAKING

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**GOLDEN & TIMBOL**
A PROFESSIONAL CORPORATION

Table of Contents

I.   Introduction ……………………………………………………………… 1
II.  Arguments ………………………………………………………...…… 1
    a.   **PLAINTIFF'S CASE HAS ABSOLUTE**
      **MERIT**……………………………………………………… 2
    b.   **THIS COURT HAS AUTHORITY TO DISPENSE OF THE**
      **SECURITY FOR COSTS REQUESTED BY DEFENDANT**…...…2
III. Conclusion ……………………………………………….………....5

1

Table of Authorities

2

*Bank of America Nat'l Trust & Sav. Asso. v. Superior Court of Fresno County*

3

(1967, 5th Dist) 255 Cal App 2d 575…………………………………………….…..…….2

4

*Conover v. Hall*

5

11 Cal.3d 842, (1974).…………………………………………………………………...…3

6

*County of Sutter v. Superior Court of Sutter County*

7

244 Cal. App. 2d 770, 774 (Cal. App. 3d Dist. 1966)………………..……………..…..3

8

*Lowndes v. The Phoenix*

9

36 F. 272.………………………………………………………………………..……..3

10

*Martinez v Kristi Kleaners, Inc.*

11

(2004, CA11 Fla) 364 F3d 1305…………………………………………………....…3

12

*Roberts v. Superior Court*

13

(1968) 264 Cal. App. 2d 235, 240.…………………………………..……………..…3

14

*Tracy A. v. Superior Court*

15

117 Cal. App. 4th 1309, 1320 (Cal. App. 2d Dist. 2004)………………..…………..…..3

16

17

Cal Code Civ Proc § 1030.…………………………………………...…………….…..3

18

28 U.S.C.S. § 1915, subd. (a).…………………………………………….…………..…3

19

20

21

22

23

24

25

26

27

28

**GOLDEN & TIMBOL**
A PROFESSIONAL CORPORATION

I.   INTRODUCTION

Plaintiff's claims are not "frivolous" and "attorney-driven" as John Travolta ("Travolta") portrays. Plaintiff's claims that Travolta was a sexual predator that victimized him have absolute merit. Plaintiff reported Travolta's inappropriate conduct to Royal Caribbean Cruises, LTD ("RCCL") through, among others, supervisor Rodolfo Castillo. (Declaration of Fabian Zanzi, Exhibit 1). Rodolfo Castillo, a percipient witness, corroborates Plaintiff's reporting of Travolta's sexual assault and the scheme undertaken by RCCL to conceal the events relating to this claim. (Declaration of Fabian Zanzi, Exhibit 1).

Plaintiff, Fabian Zanzi ("Plaintiff"), is a financially poor litigant without the means to cover the security for costs that Travolta is demanding for this Court to order. By his Declaration, Plaintiff respectfully requests this Court to exempt him from the mandates of California Code of Civil Procedure, Section 1030, on the basis that he is a financially poor litigant who will be deprived of his ability to seek redress for Travolta's actions.

II.   ARGUMENTS

a.   **PLAINTIFF'S CASE HAS ABSOLUTE MERIT.**

Travolta sexually assaulted Plaintiff. (Declaration of Fabian Zanzi, ¶5-7; Exhibit 1). There is substantial evidence of this fact. (Declaration of Fabian Zanzi, ¶2-8; Exhibit 1). The truth of the matter is that Travolta forced his naked body and erect genitals on Plaintiff's body. (Declaration of Fabian Zanzi, ¶5). Not being satisfied in doing so, Travolta further solicited for Plaintiff to take care of him in a sexual manner. (Declaration of Fabian Zanzi, ¶6). When Plaintiff declined Travolta's invitation and sexual advances, Travolta sought to bribe Plaintiff in order to "cover" his tracks. (Declaration of Fabian Zanzi, ¶8).

Travolta is continuing with his "cover up" efforts. With the aid of employees and representatives of Royal Caribbean Cruise Lines, LTD. ("RCCL"), Travolta seeks to conceal these revolting actions.

**GOLDEN & TIMBOL**
A PROFESSIONAL CORPORATION

1    Travolta takes the meritless position that Plaintiff's claims are frivolous because of
2    the statements of RCCL employees claiming that Plaintiff did not report the Travolta
3    sexual assault incident. Plaintiff has maintained that he told RCCL of Travolta's sexual
4    assault. (Declaration of Fabian Zanzi, ¶9-11). It is RCCL and its employees that prevented
5    Plaintiff from documenting Travolta's sexual assault.  (Declaration of Fabian Zanzi, ¶10-
6    11).

7    Rodolfo Castillo, an employee of RCCL, who was present with Plaintiff at the time
8    of the reporting of the incident in question has provided the following statements in
9    support of Plaintiff's claims:

10    • Rodolfo Castillo was an assistant food manager who Plaintiff approached
11      immediately after the incident with Travolta.
12    • Rodolfo Castillo accompanied Plaintiff to management so that Plaintiff could
13      report Travolta's actions;
14    • Plaintiff told Rodolfo Castillo about Travolta's sexual assault;
15    • Plaintiff was detained on a "fake" medical issue in a cabin.
16    (Fabian Zanzi Declaration, Exhibit 1- Statement of Rodolfo Castillo).
17    As such, Travolta's claim that Plaintiff's case has no shred of legitimacy is without merit.
18

19                b.  **THIS COURT HAS AUTHORITY TO DISPENSE OF THE**
20                    **SECURITY FOR COSTS REQUESTED BY DEFENDANT.**

21    CCP § 1030, providing that when the plaintiff in an action resides out of the state,
22    security for costs and charges which may be awarded against such plaintiff may be
23    required by the defendant, does not clearly and manifestly express an intent to, nor does it
24    deprive the courts of their common law power to waive fee and security for costs of an
25    indigent litigation, and under the doctrine of in forma pauperis, the court retains this
26    inherent power. *Bank of America Nat'l Trust & Sav. Asso. v. Superior Court of Fresno*
27    *County* (1967, 5th Dist) 255 Cal App 2d 575.

28    A number of American decisions permit the maintenance of poor persons' litigation

**GOLDEN & TIMBOL**
A PROFESSIONAL CORPORATION

1  notwithstanding their inability to comply with cost security statutes. *County of Sutter v.*
2  *Superior Court of Sutter County*, 244 Cal. App. 2d 770, 774 (Cal. App. 3d Dist. 1966)
3  ["the California in forma pauperis power covers security for costs"]; See cases collected in
4  6 A.L.R. at pp. 1285, 1288, 1291). Although the language of Cal Code Civ Proc § 1030 (c)
5  is mandatory, the court has the common law authority to dispense with the undertaking if
6  the plaintiff is indigent. See e.g., *Conover v. Hall*, 11 Cal.3d 842, (1974). In forma
7  pauperis status clearly justifies waiver of "public costs" and then extends in forma pauperis
8  rights to embrace waiver of required undertakings such as appeal bonds and bonds
9  ordinarily required from out-of-state plaintiffs. *Tracy A. v. Superior Court*, 117 Cal. App.
10 4th 1309, 1320 (Cal. App. 2d Dist. 2004) citing *Roberts v. Superior Court* (1968) 264 Cal.
11 App. 2d 235, 240; *Bank of America v. Superior Court* (1967) 255 Cal. App. 2d 575.

12    28 U.S.C.S. § 1915, subd. (a) now permits federal courts to waive cost security from an
13 indigent litigant. In addition, prestatutory decisions in federal admiralty cases customarily
14 permitted suspension of rules requiring security for costs. *Lowndes v. The Phoenix*, 36 F.
15 272, cited in 6 Cal.L.Rev. at p. 227. Affidavits addressing statutory language should be
16 accepted by court, absent serious misrepresentation, and need not show that litigant is
17 "*absolutely destitute*" to qualify for indigent status under 28 USCS § 1915, and such
18 affidavit will be held sufficient if it represents that litigant, because of litigant's poverty, is
19 unable to pay for court fees and costs, and to support and provide necessities for litigant
20 and litigant's dependents. In other words, § 1915 is not to be construed such that potential
21 litigants are forced to become public charges or abandon their claims because of filing fee
22 requirements. *Martinez v Kristi Kleaners, Inc.* (2004, CA11 Fla) 364 F3d 1305.

23    Plaintiff is a poor litigant. (Declaration of Fabian Zanzi, ¶12). Plaintiff has been
24 unemployed since October of 2012. (Declaration of Fabian Zanzi, ¶12). He relies on the
25 grace of his parents for living expenses, food and shelter. (Declaration of Fabian Zanzi,
26 ¶12). He has two properties in Chile that are in foreclosure as Plaintiff has not been able to
27 pay the loans that encumber such properties since November of 2011. (Declaration of
28 Fabian Zanzi, ¶12). The money that his parents are providing him is not sufficient to pay

his debts related to the properties that he owns in Chile. The humble $200.00 U.S. Dollars that he derives from his parents on a monthly basis is barely sufficient to cover his own day-to-day living expenses.

*Bank of America, supra*, is instructive in this case as to the issue at hand against a non-resident Plaintiff. *Bank of America* involved a question as to whether or not the real parties in interest were legally correct in their demand that nonresident litigants should file security for costs pursuant to section 1030 of the Code of Civil Procedure. One A. D. Willburn filed an action in the Fresno County Superior Court against petitioners and others seeking damages. On July 25, 1966 petitioners filed a demand for security for costs, and, thereafter, on November 17, 1966, Wilburn was adjudicated a bankrupt. The trustee in bankruptcy authorized local counsel to proceed with the action and suggested to counsel by letter that perhaps Willburn, individually, might post security for costs and proceed with the action as there were no funds in the bankruptcy estate. Thereafter, Willburn filed a declaration stating that he had been adjudged a bankrupt and had no money with which to pay fees or court costs. The trial Court ordered Willburn exempt from depositing a security for costs. The Court of Appeal of California for the Fifth District agreed with the Trial Court citing *Sutter (supra). Bank of America v. Superior Court* (1967) 255 Cal. App. 2d 575.

As such, Plaintiff respectfully requests this Court to exercise its discretion parallel to the Court's decision in *Bank of America.* Both cases involved a request for a costs security bond pursuant to California Code of Civil Procedure Section 1030. Both cases involved poor litigants who, by competent declarations, have shown the inability to post the requested security. The Plaintiffs in both cases do not have the means to post the security bond that is being demanded against them and Plaintiff Fabian Zanzi would be deprived of his ability to access the Court system and pursue his claims if California Code of Civil Procedure Section 1030 was upheld against him.

PLAINTIFF FABIAN ZANZI'S OPPOSITION TO DEFENDANT'S MOTION FOR UNDERTAKING

III. CONCLUSION

Plaintiff respectfully requests this Court to deny Defendant's Motion for an undertaking pursuant to California Code of Civil Procedure Section 1030.

Date: _____ 1/4/2013 _____

Golden & Timbol, PC.

/s/ Servando Timbol

Servando Timbol, Esq.
Sarah J. Golden, Esq.
*Attorneys for Plaintiff,*
Fabian Zanzi

GOLDEN & TIMBOL
A PROFESSIONAL CORPORATION

5